UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHAEL R. FANNING, as CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS<br>4115 Chesapeake Street, N.W.<br>Washington, D.C. 20016,<br><br>                 Plaintiff,<br><br>v.<br><br>ABM ENGINEERING SERVICES, INC. (d/b/a ABM ENGINEERING, ABM ENGINEERING SERVICES COMPANY, ABM ENGINEERING, INC.)<br>180 North LaSalle Street<br>Chicago, Illinois 60601,<br><br>and<br><br>ABM FACILITY SERVICES, INC.<br>180 North LaSalle Street<br>Chicago, Illinois 60601,<br><br>and<br><br>ABM ONSITE SERVICES – MIDWEST, INC.<br>(d/b/a ABM ONSITE SERVICES)<br>180 North LaSalle Street<br>Chicago, Illinois 60601,<br><br>and<br><br>ABM JANITORIAL SERVICES FSG, LLC<br>(d/b/a ABM JANITORIAL SERVICES)<br>180 North LaSalle Street<br>Chicago, Illinois 60601,<br><br>                 Defendants. | COMPLAINT |

## COMPLAINT

### (TO COLLECT CONTRIBUTIONS AND DAMAGES DUE TO EMPLOYEE BENEFIT FUND; FOR AN AUDIT; AND FOR DAMAGES AND ADDITIONAL RELIEF )

Plaintiff, pursuant to Federal Rule of Civil Procedure 8(a), hereby alleges the following:

### PARTIES

1. Plaintiff, Michael R. Fanning, is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (hereinafter "Central Pension Fund"). The Central Pension Fund is an employee benefit plan as that term is defined in Section 3(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(1). The Central Pension Fund is a multiemployer plan as that term is defined in Section 3(37) of ERISA, 29 U.S.C. § 1002(37). The Central Pension Fund was established and is maintained in accordance with its Restated Agreement and Declaration of Trust. The Central Pension Fund is administered by the Trustees at 4115 Chesapeake Street, N.W., Washington, D.C. 20016. The Plaintiff, Michael R. Fanning, C.E.O. of the Central Pension Fund, is a designated fiduciary in accordance with the Central Pension Fund's Restated Agreement and Declaration of Trust and as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

2. Defendants ABM Engineering Services, Inc. (d/b/a ABM Engineering, ABM Engineering Services Company, and ABM Engineering, Inc.), ABM Facility Services, Inc., ABM Onsite Services – Midwest, Inc. (d/b/a ABM Onsite Services) and ABM Janitorial Services FSG, LLC (d/b/a ABM Janitorial Services) (collectively referred to

as "ABM") are all business entities with offices located at 180 North LaSalle Street, Chicago, Illinois, and at all times relevant to this action each has been an "employer in an industry affecting commerce" as defined in Sections 3(5), (9), (11), and (12) of ERISA, 29 U.S.C. §§ 1002(5), (9), (11) and (12), and Section 3 of the Multi-Employer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001a.

## JURISDICTION AND VENUE

3. This is an action to collect contributions and other amounts due to an employee pension benefit plan and for other relief, as well as to compel an audit, under the terms of collective bargaining agreements, participating agreements, memoranda of agreement and a trust agreement. This Court has subject matter jurisdiction under §§ 502(a)(3), (g) and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), (g) and 1145 and for state law causes of action pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over the Defendants pursuant to Section 502 of ERISA, 29 U.S.C. § 1132(e)(2).

5. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## FACTS

6. The ABM Defendants have been bound at all relevant times to various Collective Bargaining Agreements, Memoranda of Agreement and Participating Agreements (collectively referred to as "Agreements") with International Union of Operating Engineers Local Union Nos. 18, 70, 95, 99, 286, 399, 420, and 835 (collectively referred to as "IUOE Local Unions") that govern the wages, benefits and terms and conditions of employment of certain employees performing work for the ABM Defendants.

7. Pursuant to the Agreements the Defendants agreed to pay certain sums of money to the Central Pension Fund for certain hours worked by employees of the Defendants performing work covered by the Agreements.

8. During the months of January 2012 through November 2016 the Defendants employed employees performing work covered by the Agreements.

9. During the months of January 2012 through November 2016 the Defendants failed to pay all contributions owing to the Central Pension Fund as required by the Agreements.

10. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions, or pay required contributions on time, is liable for liquidated damages in the amount of 20% of the total contributions owed.

11. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions, or pay required contributiosn on time, is liable for interest at the rate of 9% per annum.

12. Pursuant to the Central Pension Fund's Restated Agreement and Declaration of Trust an employer who fails to pay required contributions is liable for all attorneys' fees, audit fees and costs of collection.

13. Pursuant to the Restated Agreements and Declarations of Trust, an employer making contributions to the Plaintiff is obligated to supply records necessary to permit the Plaintiff to determine if the employer is making the required payments.

## COUNT I

### (UNPAID CONTRIBUTIONS OWED
### TO EMPLOYEE PENSION BENEFIT FUND PURSUANT TO AUDIT)

14. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 13 as if fully set forth in this Count I.

15. The Defendants initially failed to permit a payroll compliance review to be performed by the Plaintiff. In February 2016, the Plaintiff was required to initiate a lawsuit in this Court, assigned civil action number 1:16-cv-0303-JDB, to obtain the Defendants' cooperation with the payroll audit process.

16. The February 2016 lawsuit was settled with the Defendants agreeing to submit to, and cooperate with, a payroll audit, for the period of January 2012 through December 2015. The parties also entered into tolling agreements which expire on December 31, 2017.

17. A payroll compliance review on certain books and records of the Defendants by Calibre CPA Group, PLLC covering the period of January 2012 through December 2015 was completed in August 2017. The results of the audit for employer number 10699 revealed that the Defendants owe additional contributions to the Plaintiff in the amount of $390,652.83. The Defendants may be entitled to a credit in the amount of approximately $26,858.24.

18. The Plaintiff first became aware of the Defendants' under reported hours and the delinquency as a result of the audit findings.

19. The Defendants have failed to pay the amount of contributions owing to the Plaintiff as revealed by the audit.

20. By virtue of the failure to pay all contributions as contractually required, the Defendants are in contravention of the Agreements, the obligations under the Central Pension Fund's Restated Agreement and Declaration of Trust, and Section 515 of ERISA.

21. The Defendants have failed to pay liquidated damages and interest for unpaid contributions owed to the Central Pension Fund.

22. The Central Pension Fund is entitled to judgment for all contributions owed, plus all liquidated damages and interest owed on unpaid contributions, plus attorneys' fees and costs, against the Defendants.

## COUNT II

### (AUDIT)

23. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 22 as if fully set forth in this Count II.

24. The Defendants previously failed to cooperate with the Plaintiff in the scheduling of a payroll audit.

25. The Defendants previously substantially under reported the number of hours worked by it employees and the amount of contributions owed to the Plaintiff.

26. An audit of the Defendants' records from January 2016 through the date the audit is completed will permit the Plaintiff to determine whether the Defendants are properly reporting and paying the amounts owed to the Plaintiff.

27. Under the terms of the Plaintiff's Restated Agreement and Declaration of Trust and the Agreements, Plaintiff is entitled to conduct an audit of Defendants' records, at the Defendants' expense.

28. The Central Pension Fund is entitled to judgment against the Defendants for all contributions discovered owed as a result of the audit up to the date of judgment, plus all liquidated damages and interest owed on unpaid contributions, plus audit fees, attorneys' fees and costs.

### COUNT III

### (STATUTORY AND CONTRACTUAL DAMAGES OWED FOR LATE PAYMENTS)

29. Plaintiff hereby restates and incorporates by reference the allegations set forth in paragraphs 1 through 28 as if fully set forth in this Count III.

30. During various work months from April 2014 through November 2016, the Defendants made payments to the Plaintiff late.

31. The Agreements provide that interest and liquidated damages shall be paid by the Defendants to the Plaintiff on late payments.

32. The Defendants have failed to pay the liquidated damages and interest for late paid contributions owed to the Central Pension Fund.

33. The Central Pension Fund is entitled to judgment against the Defendants for all liquidated damages and interest owed on late paid contributions during this period of time in the approximate amount of $10,755.29 for interest and $34,763.25 for liquidated damages.

**WHEREFORE,** Plaintiff prays judgment against the Defendants on Counts I, II and III as follows:

A. For unpaid contributions due and owing to the Plaintiff pursuant to an audit for work performed during the months of January 2012 through December 2015 as alleged in Count I of the Complaint, plus interest, liquidated damages and audit costs as provided

for in the Agreements, the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

B.   For a Court Order requiring Defendants to submit all necessary payroll books and records to Plaintiff for audit at the Defendants' expense for the period of January 2016 through the date the audit is performed as alleged in Count II of the Complaint and as provided in the Agreements, the Central Pension Fund's Restated Agreement and Declaration of Trust and pursuant to 29 U.S.C. § 1132(g)(2).

C.   For interest in the amount of $10,755.29 and liquidated damages in the amount of $34,763.25 owed for any late paid contributions made for various work months from April 2014 through November 2016 as provided for in the Agreements, the Central Pension Fund's Restated Agreement and Declaration of Trust and as alleged in Count III of the Complaint.

D.   For any and all contributions, liquidated damages, and interest owed to the Plaintiff which become due after the filing of the Complaint, or are discovered due pursuant to an audit, up to the date of judgment, plus all costs, interest, liquidated damages, audit and reasonable attorneys' fees pursuant to the Agreements, Restated Agreement and Declarations of Trust, and 29 U.S.C. § 1132(g)(2).

E.   Costs, reasonable attorneys' fees for collection and audit fees as required by 29 U.S.C. § 1132(g)(2), the Agreements and the Central Pension Fund's Restated Agreement and Declaration of Trust up to the date of judgment.

F.   Such further relief as the Court deems appropriate.

Respectfully submitted,

Dated: November 1, 2017

**O'DONOGHUE & O'DONOGHUE LLP**
5301 Wisconsin Avenue, N.W.
Eighth Floor
Washington, D.C. 20015
Telephone: (202) 362-0041
Facsimile: (202) 327-1200
rhopp@odonoghuelaw.com

By: _____
R. Richard Hopp (Bar No. 432221)
*Attorney for the Plaintiff*